# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHAEL E. SAVAGE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 2:18–CV–1204
Crim No. 2:07–CR–145 (1)
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 87.) This case has been referred to the undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Court ("Rule 4(b)"), this Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the motion must be dismissed. *Id*. Rule 4(b) allows for the dismissal of motions that state "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, it plainly appears that Movant is not entitled to relief— his conviction for violating 18 U.S.C. § 2112 constitutes a conviction for a crime of violence pursuant to 18 U.S.C. § 924(c)(3)(A). Moreover, his claim is precluded by the decision issued by United States Court

of Appeals for the Sixth Circuit in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). Accordingly, the undersigned **RECOMMENDS** that the motion to vacate be **DENIED** and that this action be **DISMISSED**.

## I. BACKGROUND

The motion to vacate involves two cases in this Court. In the first case, Movant was charged in a superseding indictment with the following offenses: three counts of possession and/or distribution of more than 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Counts 1, 2, and 3); conspiracy to rob United States property in violation of 18 U.S.C. § 371 (Count 4); attempted robbery of United States property in violation of 18 U.S.C. §§ 2112 and 2 (Count 5); use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 6); forcible assault of a police officer in violation of 18 U.S.C. § 111 (Count 7); another count of use of a firearm during and in relation to a crime of violence in violation of § 924(c) (Count 8); and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count 9). (*United States of America v. Michael Savage*, 2:96–CR–010(1) ("*First Case*"), ECF Nos. 21, 39, and 73.) The superseding indictment specified that the § 924(c) charge in Count 6 was predicated on the charge for attempted robbery of U.S. property in Count 5. (*First Case*, ECF No. 21.) It further specified that the § 924(c) charge in Count 8 was predicated on the charge for forcible assault of a police officer in Count 7. (*Id.*) On March 26, 1996, Movant pleaded guilty to and was convicted of Counts 1 through 7. (*First Case*, ECF Nos. 21, 39.) He did not, however, plead guilty to Counts 8 and 9. (*Id.*) As a result, Movant acquired one conviction for violating § 924(c), which was explicitly predicated upon attempted robbery of U.S. property in violation of § 2112. On July 12, 1996, Movant was

sentenced to a term of imprisonment followed by a term of supervised released. (*First Case*, ECF No. 73.) He did not file a direct appeal.

On November 9, 2006, Movant was released from federal custody and he began serving his term of supervised release. (*First Case*, ECF No. 88.) While still serving on supervised release, Movant was charged in a superseding indictment with nine counts in a second case. On August 29, 2008, pursuant to negotiated plea agreement, Movant was convicted of two of those nine counts— one count of distributing cocaine in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(C) (Count 7), and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A) and § 924(c)(1)(C)(i) (Count 8). (*United States of America v. Michael Savage*, 2:07–CR–145(1) ("*Second Case*"), ECF Nos. ECF Nos. 25, 29, 61.) After that guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSIR"). (*Second Case*, ECF No. 32.) At the time, § 924(c)(1)(C)(i) provided that "in the case of a second or subsequent conviction" for violating § 924(c), a "person shall . . . be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C § 924(c)(1)(C)(i) (2006). The PSIR concluded that Movant had already acquired one § 924(c) conviction in the first case, and thus that his § 924(c) conviction in Count 8 of the second case constituted his second § 924(c) conviction. The sentencing Judge adopted the findings in the PSIR, and Movant was sentenced accordingly. (*Second Case*, ECF No. 61.) Movant did not file a direct appeal.

On October 9, 2018, Movant filed his motion to vacate sentence in the second case. (*Second Case*, ECF No. 87.) In his sole ground for relief, Movant contends that his § 924(c) convictions have been impacted by *Sessions v. Dimaya*, — U.S. — , 138 S.Ct. 1204, (2018), in which United States Supreme Court held that the residual clause in the federal criminal code's

definition of "crime of violence" — 18 U.S.C. § 16(b) — is unconstitutionally vague. Movant notes that his § 924(c) conviction in the first case was predicated upon his conviction for attempted robbery of United States property in violation of § 2112. Movant implicitly asserts that § 2112 constituted a crime of violence pursuant to the residual clause of § 924(c). Movant also asserts that the residual clauses of § 924(c) and § 16(b) are textually similar and that in *Dimaya*, the Supreme "resolved the question as to whether the Supreme Court['s] prior decision in *United States v. Johnson*, 135 S.Ct. 2251, 192 L.Ed. 2d 569 (2015), applies to statutes with similar language as set forth in the former residual clause of 18 U.S.C § 924(e) [the Armed Career Criminal Act ("ACCA")]." (*Second Case*, ECF No. 87, at PAGE ID #241.) Movant reasons that "[b]ecause *Dimaya* applied the rationale of *Johnson* to 18 U.S.C. § 16(b), by implication that rationale is equally applicable to other statutes with residual clauses that have similar language such as § 924(c)(3)(B)." (*Id*.) Stated differently, Movant claims that because the Supreme Court relied upon *Johnson* when finding that the residual clause of § 16(b) is void for vagueness in *Dimaya*, the reasoning in *Jonhson* also voids the residual clause of § 924(c). Because the residual clause of § 924(c) is allegedly void, Movant argues that his § 924(c) conviction in the first case is invalid such that his conviction for violating § 924(c) in the second case was not his second such conviction. This argument forms the basis of his § 2255 challenge.

## II.     ANALYSIS

At all relevant times, § 924(c) has criminalized the use or possession of a firearm during and in relation to a crime of violence or a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

4

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "elements" or "use–of–force" clause, while the second clause, § 924(c)(3)(B), is referred to as the "risk" or "residual" clause.

Movant's first § 924(c) conviction was predicted upon attempted robbery of U.S. property in violation of § 2112. Movant appears to assert that because § 2112 does not constitute a crime of violence pursuant to § 924(c)(3)'s use–of–force clause, it constitutes a crime of violence pursuant to 924(c)(3)'s now–invalidated residual clause. The undersigned disagrees.

## A. Section 2112 and the Force Clause

To determine if a conviction constitutes a crime of violence for purposes of § 924(c)(3), the Sixth Circuit uses a categorical approach that "'focus[es] on the statutory definition of the offense, rather than the manner in which the offender may have violated the statute in a particular circumstance.'" *United States v. Gooch*, 850 F.3d 285, 290 (6th Cir. 2017) (citing *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016) (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)). Section 2112's terms must therefore be examined.

Section 2112 punishes anyone who "robs or attempts to rob another of any kind or description of personal property belonging to the United States." 18 U.S.C. § 2112. Although the statute does not define "robs or attempts to rob," *see id.*, the Supreme Court has explained that those terms had "established meanings at common law," *Carter v. United States*, 530 U.S. 255, 266 (2000). The Supreme Court has also explained that when "Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice," courts must presume that Congress "knows and adopts the cluster of ideas that were attached to each

borrowed word in the body of learning from which it was taken." *Id.* at 264 (quoting *Morissette v. United States*, 342 U.S. 246, 263 (1952)). For that reason, when Congress has "simply punished" a common law crime, Congress has "thereby le[ft] the definition of [the offense] to the common law." *Id.* at 267 n.5. Indeed, the Supreme Court has even pointed to § 2112 as an example of a statute where Congress did not spell out the elements of the offense that it punishes, and that Congress thereby left the definition of "robs or attempts to rob" in § 2112 to the common law. *See id.* (comparing 18 U.S.C. § 2112 to 18 U.S.C. § 2113). The undersigned therefore concludes that § 2112 imports the common law meaning of the terms "robs or attempts to rob."

The Supreme Court has also explained that the common law crime of robbery "has long required force or violence." *Stokeling v. United States*, — U.S. — , 139 S.Ct. 544, 550 (2019). Specifically, when examining whether Florida's state robbery statute was a crime of violence pursuant to the force clause of ACCA, the Supreme Court explained that "at common law, an unlawful taking was merely larceny unless the crime involved 'violence' . . . [a]nd 'violence' was 'committed if sufficient force [was] exerted to overcome the resistance encountered.'" *Id.,* (quoting 2 J. Bishop, Criminal Law § 1156, p. 860, 861 (J. Zane & C. Zollman eds., 9th ed. 1923)). The Supreme Court further explained that in the context of common law robbery, distinctions were not made between degrees of force, "[i]f an act physically overcame a victim's resistance, 'however slight' that resistance might be, it necessarily constituted violence." *Id.* (quoting W. Clark & W. Marshall, Law of Crimes 553 (H. Lazell ed., 2d ed. 1905)). The Supreme Court also noted that the "force necessary to overcome a victim's physical resistance is inherently 'violent'" because "robbery that must overpower a victim's will— even a feeble or weak–willed victim– necessarily involves a physical confrontation and a struggle . . . . [t]he

6

altercation need not cause pain or injury or even be prolonged; it is the physical contest between the criminal and the victim that is itself capable of causing physical pain or injury." *Id*. at 553.

In light of these considerations, the undersigned concludes that robbery of United States property in violation of § 2112 has as an element the use of force sufficient to overcome a victim's resistance even if it causes only minimal pain or injury. That conclusion is bolstered by the Sixth Circuit's analysis of the prior version of § 2112, which punished, in relevant part, anyone who "rob[s] another of any kind or description of personal property of the United States." *See Rutkowski v. United States*, 149 F.2d 481, 482 (6th Cir. 1945) (analyzing 18 U.S.C. § 99 (1945)). In that analysis, the Sixth Circuit noted that "[r]obbery is in fact larceny committed by violence, and includes stealing and asportation as well as assault." *Id*.

Because § 2112 is a felony that has as an element the use of force as described above, it constitutes a crime of violence pursuant to the use–of–force clause of § 924(c). Though Movant's conviction was for attempted robbery of United States property rather than a completed robbery, that distinction makes no difference. Section 924(c)(3)(A) clearly states that offenses that require either the "attempted use of force" or the "use of force" constitute crimes of violence pursuant to that clause. *Cf. United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir 2018) (holding that Hobbs Act Robbery constituted a crime of violence under § 924(c)'s use–of–force clause because that clause expressly includes "attempted use of force"). Moreover, courts have concluded that the attempt to commit an offense that constitutes a crime of violence also constitutes a crime of violence. *See, e.g., Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) (finding that "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony"); *United States v. Armour*,

7

840 F.3d 904, 908–09 (7th Cir. 2016) (holding that attempted armed bank robbery constitutes a crime of violence under the force clause of § 924(c)).

Movant's reliance upon the Sixth Circuit's opinion in *United States v. Camp*, 903 F.3d 594 (6th Cir. 2018), is misplaced. In that case, the Sixth Circuit held that Hobbs Act Robbery, 18 U.S.C. § 1951(a), does not constitute a crime of violence pursuant to the career offender provisions in the 2016 version of the United States Sentencing Guidelines even though it constitutes a crime of violence pursuant to the use–of–force clause of § 924(c). *Id*. at 597, 600, 601, 604. That holding, however, involved a different criminal offense and a challenge to the application of the 2016 version of the Sentencing Guidelines. It is thus readily distinguishable.

Because § 2112 constitutes a crime of violence pursuant to use–of–force clause of § 924(c), Movant is not entitled to relief under § 2255. Therefore, the undersigned **RECOMMENDS** that the motion to vacate be **DENIED**.

**B.** **§ 2112 and the Residual Clause**

Binding Sixth Circuit precedent precludes Movant's claims even if the Court were agree with Movant that his § 2112 conviction constituted a crime of violence pursuant to the residual clause of § 924(c). Specifically, the Sixth Circuit has rejected Movant's arguments the Supreme Court's decisions in *Johnson* and *Dimaya* impacted his § 924(c) convictions.

In *Johnson*, the Supreme Court held that the residual clause in the ACCA was unconstitutionally vague. In *Dimaya*, the Supreme Court concluded that *Johnson* required the same conclusion with regard to the residual clause of §16(b) because it was similar to the residual clause in ACCA. *Dimya*, 138 S.Ct. at 1214–16. In *Taylor*, however, the Sixth Circuit refused to extend the reasoning of *Johnson* to invalidate the residual clause in § 924(c) because of a number of distinctions between § 924(c) and ACCA, including that the residual clause of

§ 924(c) "is considerably narrower" than the residual clause of ACCA. 814 F.3d at 375–79. Movant argues that *Dimaya* implicitly overruled *Taylor*. After deciding *Dimaya*, however, the Supreme Court denied a petition for writ of certiorari in *Taylor*, 138 S.Ct. 1975 (May 14, 2018), and subsequently denied a petition for rehearing. *Taylor v. United States*, No. 16-6392, 2018 WL 2767841, at *1 (U.S. June 11, 2018). Because *Taylor* remains controlling law in the Sixth Circuit, the Court must deny the motion to vacate even assuming *arguendo* that Movant's conviction for violating § 2112 constituted a crime of violence under the residual clause of § 924(c).

### III. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report*

*and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                                    /s/ *Chelsey M. Vascura*
                                                    CHELSEY M. VASCURA
                                                    UNITED STATES MAGISTRATE JUDGE