# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Michael E. Savage, | Civil No. 2:18-cv-1204 |
| Movant, | Crim No. 2:07-cr-145(1) |
| v. | Judge Michael H. Watson |
| United States of America, | Magistrate Judge Chelsey M. Vascura |
| Respondent. | |

## OPINION AND ORDER

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Movant's motion to vacate his sentence under 28 U.S.C. § 2255 be denied pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts ("the Habeas Rules"). ECF No. 88. Movant objected to the R&R, ECF No. 91, and Respondent responded to those objections, ECF No. 96. For the following reasons, Movant's objections, ECF No. 91, are **OVERRULED**. The R&R, ECF No. 88, is **ADOPTED** and **AFFIRMED**. The motion to vacate, ECF No. 87, is **DENIED**. The Court **DISMISSES** this action; **DECLINES** to issue a certificate of appealability ("COA"); and **CERTIFIES** that any appeal would be objectively frivolous.

In 2007, Movant pleaded guilty to one count of distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C.

§§ 924(c)(1)(A) and 924(c)(1)(C)(i). ECF No. 29. In the Rule 11(C)(1)(c) plea agreement, Movant acknowledged that the 924(c) conviction in this case was his second 924(c) conviction because he had been convicted in 1996 for use of a firearm during a crime of violence in *United States v. Michael Savage*, 2:96-cr-010(1). *Id.*, at PAGE ID # 115. The parties agreed that Movant faced a statutory maximum of 20 years (240 months) of imprisonment and 3 years of supervised release for the drug offense and a statutory minimum of 25 years (300 months) of imprisonment and 5 years of supervised release for the 924(c) offense to be served consecutively. *Id.*, at PAGE ID ## 115–16. The parties further agreed, however, that a 240-month term of imprisonment followed by a 5-year term of supervised release was an appropriate aggregate sentence. *Id.*, at PAGE ID # 118. The Court accepted the plea agreement and sentenced Movant in accordance with it. ECF No. 61. Judgment was entered on August 29, 2008. *Id.*

Almost a decade later, Movant sought to vacate his sentence, asserting that his 924(c) conviction in this case no longer constitutes his second 924(c) conviction. ECF No. 87. Movant's 1996 conviction for use of a firearm during a crime of violence was predicated upon his conviction for attempted robbery of United States property in violation of 18 U.S.C. § 2112. Movant contends that § 2112 constituted a crime of violence pursuant to 924(c)'s residual clause, and that 924(c)'s residual clause was invalidated by virtue of the holdings in *United States v. Johnson*, — U.S. —, 135 S.Ct. 2251 (2015) and *Sessions v. Dimaya*, —

Crim. Case No. 2:07-cr-145
Civ. Case No. 2:18-cv-1204                                    Page 2 of 6

U.S. —, 138 S.Ct. 1204 (2018), in which the United States Supreme Court determined that the residual clauses in 18 U.S.C. § 924(e) and 18 U.S.C. § 16(b) were unconstitutionally vague. The Magistrate Judge concluded that Movant's claim was without merit because the Sixth Circuit Court of Appeals had already declined to extend the holdings in those cases and find that their reasoning applied to invalidate the residual clause of 924(c). *See United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). After the R&R was issued, however, the Supreme Court determined that 924(c)'s residual clause is also unconstitutionally vague. *United States v. Davis*, — U.S. —, 139 S.Ct. 2319 (2019). Nevertheless, the Supreme Court declined to find that *Davis* applies retroactively on collateral review. *Id.* at 2354 (Kavanaugh, J. dissenting). Accordingly, the Court finds that Movant's residual clause claim remains meritless.

Regardless of the status of 924(c)'s residual clause, however, the Magistrate Judge also concluded that § 2112 constitutes a crime of violence pursuant to 924(c)'s elements clause, § 924(c)(3)(A). Section 2112 makes it a crime to "rob[ ] or attempt[ ] to rob another of . . . personal property belonging to the United States." § 2112. The Magistrate Judge explained that by simply punishing "robbery" Congress "left the definition of th[is] term[ ] to the common law." *Carter v. United States*, 530 U.S. 255, 267 n.5 (2000). The Magistrate Judge further explained that the Supreme Court recently clarified that the common-law crime of robbery "has long required force or violence" sufficient to

constitute a crime of violence. *Stokeling v. United States*, — U.S. —, 139 S.Ct. 544, 551 (2019) (finding that the force required for common-law robbery satisfies the elements clause of the Armed Career Criminal Act). Moreover, the Magistrate Judge noted that when analyzing the prior version of § 2112, the Sixth Circuit reasoned that "robbery is in fact larceny committed by violence, and includes stealing and asportation as well as assault." *Rutkowski v. United States*, 149 F.2d 481, 482 (6th Cir. 1945) (analyzing 18 U.S.C. § 99 (1945)). Notably, since the R&R was issued at least two other courts have concluded that § 2112 constitutes a crime of violence pursuant to 924(c)'s elements clause, although they did so in unpublished decisions. *See United States v. Morris*, 775 F. App'x. 828 (8th Cir. 2019); *Roblez-Perez v. United States*, Civil Case No. 17-1547(DRD), Criminal Case No. 11-384 (DRD), United States District Court for the District of Puerto Rico (Feb. 18, 2020).

Movant objects to this conclusion asserting that the Magistrate Judge erred by using the wrong test to determine if § 2112 was a crime of violence pursuant to 924(c)'s elements clause. Respondent asserts that the Magistrate Judge did not err in arriving at that conclusion. In any event, the Court finds that Movant is plainly not entitled to relief in this case for another reason. Movant is attempting to use a motion to vacate his 2008 sentence in this case to attack his 1996 conviction in case 2:96-cr-010(1). As Respondent correctly contends, however, a defendant cannot use a motion to vacate a later conviction to challenge an

earlier conviction absent specific allegations that Movant does not make.  See *Daniels v. United States*, 532 U.S. 374, 376 (2001).  Accordingly, Movant's motion to vacate in this case is procedurally improper.  Moreover, even if Movant had already successfully challenged the judgment in 2:96-cr-010(1), as Respondent correctly notes, it is unclear if he would be entitled to relief in this case because he was sentenced in accordance with the terms of his Rule 11 plea agreement.  Because Movant did not already successfully challenge the judgment in 2:96-cr-010(1), the Court declines to reach that issue.  It is sufficient to find that Movant is not entitled to relief on his motion to vacate in this case because it impermissibly challenges a conviction in another case.  Accordingly, the motion to vacate is **DENIED**.

Pursuant to Rule 11 of the Habeas Rules, the Court must consider whether to issue a COA.  *See also* 28 U.S.C. § 2253(c)(1)(B).  When a claim has been denied on the merits, a COA may issue only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).  When a claim has been
Crim. Case No. 2:07-cr-145
Civ. Case No. 2:18-cv-1204                                        Page 5 of 6

denied on procedural grounds, a COA may issue if the movant establishes that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Reasonable jurists would not debate that Movant is not entitled to relief in this case. Therefore, the Court **DECLINES** to issue a COA. The Court also **CERTIFIES** pursuant to Fed. R. App. P. 24(a)(3)(A), that an appeal would not be in good faith and that any application to proceed in forma pauperis on appeal should be **DENIED**.

For these reasons, the R&R, ECF No. 91, is **ADOPTED** and **AFFIRMED**. The Clerk is **DIRECTED** to enter final judgment.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

Crim. Case No. 2:07-cr-145
Civ. Case No. 2:18-cv-1204

Page 6 of 6