IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL SAVAGE,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:20-CV-3141**
**CRIM. NO. 2:07-CR-145**
**JUDGE MICHAEL H. WATSON**
**Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 99.) This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### I.    BACKGROUND

Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to one count of distributing cocaine, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(C) (Count 7 of the Superseding Indictment); and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of § 924(c)(1)(A) and § 924(c)(1)(C)(i) (Count 8). (ECF Nos. 25, 29, 61.) On August 25, 2008, the District Court imposed an aggregate term of 240 months of imprisonment, to be followed by five years of supervised release. (ECF Nos. 60, 61.) Petitioner did not file an appeal. On October 9, 2018, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, challenging his § 924(c) conviction as constitutionally invalid. (ECF No. 87.) On March 2, 2020, the Court issued an Opinion and Order dismissing that action. (ECF No. 97.)

On June 23, 2020, Petitioner filed this, his second, Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 99.) He asserts that his conviction on carrying a firearm during and in relation to a crime of violence under § 924(c) is constitutionally invalid in view of *United States v. Davis*, -- U.S. --, 139 S.Ct. 2319 (2019). However, as discussed, this is not Petitioner's first federal habeas corpus petition.

## II.     SUCCESSIVE PETITIONS

Before a successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed a prior motion to vacate, his present motion constitutes successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it. *See In re Franklin*, 950 F.3d 909 (6th Cir. 2020).

## III.     DISPOSITION

Accordingly, for the reasons set forth above, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 99) be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE